## HACKETT v. WHITE.

Court of Appeals of District of Columbia.
Argued November 7, 1929. Decided
February 4, 1930.

No. 4792.

Tench T. Marye, of Washington, D. C., for appellant.

P. H. Marshall and R. M. Heth, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal taken from a decree of the lower court awarding an accounting and a recovery of money in favor of appellee and against the appellant. The controlling facts in the case are made certain by the record.

In the year 1903 the firm of Cowardin, Bradley, Clay & Co. entered into a construction contract with the United States government for work upon a certain filter plant, and began operations under the contract. The firm soon became financially involved and unable to proceed with the work. A suit was then begun in the Supreme Court of the District of Columbia by a member of the firm, the other members being defendants, praying for a dissolution of the copartnership, and for the appointment of a receiver to take possession of its assets, and to hold and control the same subject to the orders of the court. The court appointed John D. Maclennan as receiver, and an arrangement was made by him whereby the Sand Filtration Company, a corporation, should assume and complete the construction contract. This agreement was carried out by that corporation. See Sand Filtration Corporation v. Cowardin, 213 U. S. 360, 29 S. Ct. 509, 53 L. Ed. 833. In the year 1907, Maclennan having died, the appellee, William Frye White, was appointed and qualified as receiver in the case.

Among the assets coming into the hands of White as receiver was a claim against the United States government, then pending in the Court of Claims. The appellant, who is an attorney at law, represented the receiver in the prosecution of this claim. The sum of $20,273.40 was finally recovered from the government as a result of this litigation, and by authorization of the receiver this amount was paid to appellant as his attorney. From this sum appellant deducted $6,757.80 as his fee, and the residue, to wit, $13,515.60, he deposited in bank to his credit as attorney. The receiver has repeatedly demanded that appellant pay this net sum over to him, after deducting the fee aforesaid, in order that he may proceed with the

settlement of the trust; but appellant has refused to pay over any part of the amount to the receiver. The appellant bases this refusal upon a claim that the Sand Filtration Company is the sole creditor of the trust, and that the entire fund, if paid to the receiver, would become payable to that corporation. He asserts that the corporation is indebted to him for legal services rendered, in an amount greater than the net sum in controversy; and claims an attorney's lien upon the fund for the sum thus alleged to be due him. He accordingly denies that he may be required to pay the fund over to the receiver.

After repeated demands, the receiver, acting under the orders of the court, brought the present suit against appellant in the lower court, for an accounting and decree for the amount so withheld by appellant. The court entered such a decree, and the present appeal was taken therefrom.

We think that the bare statement of the issue in this case furnishes a sufficient basis for an affirmance of the decree of the lower court. It is manifest that the funds in question were collected and received by appellant as attorney for the receiver, and are yet held by him in that capacity. In legal contemplation, the funds are in custodia legis, and appellant cannot acquire a lien thereon to secure an alleged claim against a third party, even though ultimately such party may receive them when distributed under the orders of the court. It is indeed too plain for argument that it is appellant's duty to pay over the funds in question to the receiver, in order that the trust may be settled under the orders of the court having jurisdiction in the premises.

The various contentions of appellant are overruled, and the decree appealed from is affirmed, with costs.